Joshua M. Lurie, Esq. (0788)
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
Ph. 201-518-9999
Fax. 201-479-9955
Attorneys for Plaintiff

| | |
|---|---|
| RONALD O. SPENCE,<br><br>      Plaintiff,<br>vs.<br><br>THE CITY OF CAMDEN, THE HOUSING AUTHORITY OF THE CITY OF CAMDEN, LAKITA FREDRICK (individually and in her capacity as an employee of the Housing Authority of the City of Camden), and JOHN and JANE DOES 1-50<br><br>      Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>Civil Case No.:<br><br>CIVIL ACTION<br><br>**COMPLAINT AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, Ronald O. Spence by way of Complaint against the Defendants, says:

## PRELIMINARY STATEMENT OF THE CASE

1. Discrimination is still prevalent in our society and, in the employment context, a continuing bane of our society.

2. This matter relates to, among other issues, what occurs when we achieve the goal of equality for the sexes in the workplace, but such is responded to with discrimination.

3. Here, as alleged by the Plaintiff, after many years as an employee of the Defendants, with an almost spotless record, and after a promotion/new position which was successful, a new manager took over. At that time, he became the victim of discrimination based upon his gender and his religion. Further, the retaliatory firing which is set forth herein is largely predicated upon claims that appear rooted in age discrimination.

4. If we are going to have a true, equal society, then no kind of discrimination may be tolerated.

**PARTIES**

5. Plaintiff, Ronald O. Spence ("Spence") is an individual who resides in Camden County, New Jersey.

6. Defendant The City of Camden ("City of Camden") is a municipal corporation pursuant to the laws of the State of New Jersey with its principal "official" office being 520 Market Street, Camden, New Jersey 08101.

7. Defendant The Housing Authority of the City of Camden ("HACC") is, upon information and belief, an agency of the City of Camden, which, upon information and belief, is operated by a semi-autonomous board of commissioners and pursuant to its own rules, regulation and per its forming ordinance(s).

8. The City of Camden is responsible and liable for the conduct of HACC.

9. Defendant Lakita Fredrick ("Fredrick"), at all times relevant herein, was an employee of Defendant HACC.

10. Defendant Fredrick was Plaintiff's direct supervisor and worked with him from day to day.

11. The John and Jane Does defendants are fictitious parties identified as such because their identities are not known at this time and who may be liable to the Plaintiff for the damages and harms as set forth herein such that an amended complaint would be necessary.

**JURISDICTION AND VENUE**

12. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves violations of the Civil Rights Act of 1964 (as amended), 42 U.S.C. §§ 2000e, *et seq*. (Title VII). As to claims under New Jersey State Law, this Court has supplemental subject matter jurisdiction over the pendant state law and common law claims pursuant to 28 U.S.C. §

1367 as those claims are so intertwined with those claims to which the Court has original jurisdiction.

13. Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

## FACTS RELEVANT TO ALL CLAIMS

14. Plaintiff had been employed by Defendant HACC for greater than 13 years when he was suddenly terminated on February 25, 2021.

15. Prior to October of 2020, his tenure with HACC was generally uneventful having had a small reprimand early in his tenure which was never repeated.

16. In July of 2019, Plaintiff was promoted to a new position as the assistant property manager for HACC.

17. In or about July of 2020, HACC hired a new property manager who served as Plaintiff's direct supervisor – Defendant Fredrick. After her hiring, his experience working at HACC took a significant turn where he was discriminated against, reprimanded unjustly, belittled by Fredrick in front of Plaintiff's subordinate employees, and barred from being able to perform his job or attend to ordinary bodily functions while at work.

18. This included barring Plaintiff from being able to use the bathroom at the office which Fredrick limited use to only female employees, and barring him access to the file cabinets which were a requirement to do his job.

19. Fredrick's conduct seemed to exacerbate after she inquired about Plaintiff's religion – and finding that he was not Muslim as was Fredrick.

20. Shortly after becoming the new property manager, Fredrick, routinely, wrote notices of disciplinary action against Plaintiff for conduct which was fabricated, falsifying statements, or based upon an incomplete and inaccurate set of facts.

21. As an example, Defendant Fredrick routinely refused or failed to answer either her office or cellular phone and, frequently, the voice mailboxes were full barring the leaving of the messages. As a result, it became impossible to rectify issues that required her assistance or direction.

22. On December 9, 2020, Plaintiff was disciplined for allegations that he failed to timely submit rent increase notices. Plaintiff disputes the allegations, and it appears that because Fredrick did not attend to certain tasks the fault was placed on Plaintiff. Again, none of these issues existed prior to Fredrick taking over as the property manager for HACC.

23. Another example related to a claim that Plaintiff was required to act as a security guard when one of the security guards failed to show up for work relieving the current guard.

24. In December of 2020, Plaintiff received a yearly review from Fredrick outlining deficiencies alleged throughout the entire year despite her having only been present for five (5) months at that juncture. Most of the claims were unfounded or based upon Fredrick's failures.

25. On January 19, 2021, Fredrick suspended Plaintiff without pay alleging various conduct which was disputed. The petty nature of the basis for suspension included that he did not provide a doctor's note that he received on a Friday until the Wednesday of the following week.

26. During the meeting at the time that Plaintiff was suspended, Fredrick's direct supervisor, Wanda Riley, was present and advised Plaintiff in a harsh tone, paraphrased, that "if Lakita asks [Plaintiff] what color the sky is, [Plaintiff] better answer her."

27. On multiple occasions, Plaintiff advised staff of the HACC, including the executive director, Fredrick's direct supervisor, and the HR Manager of the discrimination and harassment he was suffering from Fredrick including her providing a performance review which was based upon her own failures and not Plaintiff's. For example, he referenced that he suffered verbal abuse and discrimination and that Fredrick required her approval for specific tasks and then disciplined him if he took initiative as to the tasks because Fredrick failed to do what was required.

28. Indeed, the documentary evidence showed that he was advised of a process that was in place under Fredrick and, when he failed to follow the process (which included "chain of command" type requirements) – he was reprimanded. Similarly, if he complied with the process, which mostly meant that all decisions were to be made by Fredrick and he was to seek her approval and review, he was reprimanded as well.

29. No female employees, many of whom performed substandard or had the same issues complained about towards Plaintiff, were with the same conduct from Fredrick. They were allowed to use the bathroom in the office, were not berated or belittled, or treated hostilely. Indeed, the only distinction between Plaintiff and these other employees is gender.

30. Fredrick assisted female employees of HACC and provided clear responses to their inquiries and was otherwise helpful. As for Plaintiff, his requests for assistance was met with aggression, and in harsh and vague responses.

31. On January 25, 2021, Plaintiff complained to the executive directors of HACC that he believed that he was being discriminated against on the basis of his gender and had been retaliated against as a result.

32. On February 5, 2021, Plaintiff was permitted to have an "informal mediation" whereby, rather than attempt to resolve a dispute, he was directed to prove his claims and tell HACC what he planned to do to correct actions which were largely denied.

33. Conspicuously, shortly after his continued complaining of the discrimination, he was terminated on February 25, 2021.

34. Plaintiff contends that the reason for termination is retaliatory in raising and alleging discrimination in the workplace.

35. Indeed, subsequent to the termination, on March 11, 2021, Fredrick wrote an official notice on HACC letterhead to Plaintiff refuting his positions raised in a grievance filed with the Union, and is replete with self-serving and protective language.  Such was inappropriate and unnecessary to be drafted or placed in the employee's file.

36. Subsequent to termination, Plaintiff complied with the staged grievance process applicable to the union.  However, when it failed to achieve any traction – Plaintiff requested arbitration as per the collective bargaining agreement and the applicable law.

37. Plaintiff filed a formal charge with the EEOC on or about July 1, 2021 alleging gender discrimination and retaliation with Plaintiff receiving a "right to sue" letter on or about September 10, 2021 and dated September 9, 2021.

38. During this period, Plaintiff regularly sought advisements about the status of the arbitration only to be told that it was not decided because of, *inter alia*, unavailability of staff or members.

39. Despite his inquiries, the reality is that the Union itself chose not to pursue arbitration, leaving Plaintiff without any forum to dispute or challenge his termination other than this matter.

40. The Union made this decision on August 10, 2021 (prior to some of the inquiries) but was not provided to Plaintiff until October 20, 2021.

41. As a result of the conduct of the Defendants, Plaintiff has been harmed and damaged.

## FIRST CAUSE OF ACTION
### (Gender Discrimination in Violation of Title VII of the Civil Rights Act of 1964)
### As to All Defendants

42. Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

43. Under the Civil Rights Act of 1964, it is a violation of Title VII to discriminate against any employee based upon their membership in a protected class which includes gender.

44. Since at least October of 2020, Plaintiff suffered disparate treatment and discrimination by his direct supervisor on account of his gender. This included direct treatment, different levels of discipline and assistance than given to female employees, and taking retaliatory acts including barring the use of the bathroom.

45. Plaintiff complained about the discrimination and no action was taken to resolve such discrimination in the workplace.

46. As discussed herein, such allegations of discrimination resulted in his termination.

47. HACC and City of Camden are vicariously liable to Plaintiff for Fredrick's discriminatory conduct including under respondeat superior.

48. HACC and City of Camden are liable to Plaintiff for failing to address the allegations of discrimination in the workplace.

49. As a result of the discrimination, Plaintiff has been harmed and damaged.

## SECOND CAUSE OF ACTION
### (Gender Discrimination in Violation of the Law Against Discrimination)
### As to All Defendants

50. Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

51. Under the Law Against Discrimination, it is illegal to discriminate against any employee based upon their membership in a protected class which includes gender.

52. Since at least October of 2020, Plaintiff suffered disparate treatment and discrimination by his direct supervisor on account of his gender. This included direct treatment, different levels of discipline and assistance than given to female employees, and taking retaliatory acts including barring the use of the bathroom.

53. Plaintiff complained about the discrimination and no action was taken to resolve such discrimination in the workplace.

54. As discussed herein, such allegations of discrimination resulted in his termination.

55. HACC and City of Camden are vicariously liable to Plaintiff for Fredrick's discriminatory conduct including under respondeat superior.

56. HACC and City of Camden are liable to Plaintiff for failing to address the allegations of discrimination in the workplace.

57. As a result of the discrimination, Plaintiff has been harmed and damaged.

## THIRD CAUSE OF ACTION
### (Discrimination Based Upon Religious Beliefs in Violation of the Civil Rights Act of 1964 and the Law Against Discrimination)
### As to All Defendants

58. Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

59. It is illegal under federal and state law to discriminate against an employee on the basis of their religious beliefs.

60. As set forth herein, Plaintiff was asked about his religious beliefs by his direct supervisor which is improper.

61. Subsequent to his advisement that he was not a member of the same religion as his direct supervisor, Plaintiff received disparate treatment as set forth herein. Indeed, subsequent to the inquiry about religious beliefs, other conduct and discrimination became exacerbated.

62. HACC and City of Camden are vicariously liable to Plaintiff for Fredrick's discriminatory conduct including under respondeat superior.

63. HACC and City of Camden are liable to Plaintiff for failing to address the allegations of discrimination in the workplace.

64. As a result of the discrimination, Plaintiff has been harmed and damaged.

**FOURTH CAUSE OF ACTION**
**(Retaliation in Violation of the Civil Rights Act of 1964)**
**As to All Defendants**

65. Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

66. It is a violation under the Civil Rights Act of 1964 to retaliate against an employee by way of a material adverse action for asserting that an employee is being discriminated against in employment including an adverse employment action such as termination.

67. Complaining of the discrimination against him by Fredrick was a protected action under Title VII.

68. Defendants HACC and City of Camden failed to take action with respect to the complaints of gender discrimination and, instead, took an adverse action by terminating Plaintiff thereafter.

69. Fredrick took adverse employment actions against Plaintiff as a result of his claims of discrimination including vocally and in writing arguing against reinstatement of Plaintiff.

70. Such actions are based, in whole or in part, as a result of an assertion of a right protected under Title VII.

71. As a result of the discrimination, Plaintiff has been harmed and damaged.

**FIFTH CAUSE OF ACTION**
**(Retaliation in Violation of the Law Against Discrimination)**
**As to All Defendants**

72. Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

73. It is a violation under the Law Against Discrimination to retaliate against an employee by way of a material adverse action for asserting that an employee is being discriminated against in employment including an adverse employment action such as termination.

74. Complaining of the discrimination against him by Fredrick was a protected action under Title VII.

75. Defendants HACC and City of Camden failed to take action with respect to the complaints of gender discrimination and, instead, took an adverse action by terminating Plaintiff thereafter.

76. Fredrick took adverse employment actions against Plaintiff as a result of his claims of discrimination including vocally and in writing arguing against reinstatement of Plaintiff.

77. Such actions are based, in whole or in part, as a result of an assertion of a right protected under the LAD.

78. As a result of the discrimination, Plaintiff has been harmed and damaged

79. Plaintiff has been harmed and seriously damaged as a result of the conduct of these Defendants.

**WHEREFORE**, Ronald O. Spence respectfully requests that the Court enter judgment in his favor and against the Defendants, jointly and severally, as follows:

A. Full compensation for back pay and benefits with full remuneration, reinstatement of benefits including pension, and with interest;

B. Full compensation for front pay and benefits with full remuneration, reinstatement of benefits including pension, and with interest;

C. Reinstatement of his job prior to termination and reinstatement of fringe benefits including pension;

D. Compensatory damages;

E. Consequential damages;

F. Punitive damages;

G. Pre-judgment and post-judgment interest;

H. Attorneys' fees and costs; and

I. Such other relief as may be available and to which this Court deems to be just and equitable.

## JURY REQUEST

Plaintiff demands a trial by jury.

## LOCAL CIV. RULE 11.2 CERTIFICATION

By signing below, counsel for Plaintiff confirms that the within matter in controversy is not the subject of any other action pending in any court or any other pending arbitration or administrative proceeding.

LURIE|STRUPINSKY, LLP<br>
Attorneys for Plaintiff

By: _____
JOSHUA M. LURIE

DATED: December 8, 2021